Nott, J.
The defendant in this case being a captain of the ship procured the plaintiffs to build a boat for the said ship, which, when finished, he received. He did not mention at the time, he / ordered the work done, nor when hé received the boat, who were the owners of the vessel, but spoke for it and received it as for himself. The entry in plaintiff’s books was, “ Captain Corlett and owners * ' * of the ship to Stocker and Bunce Drs.” The plaintiffs once rendered in this account to the owners, but it was not paid. The only question now submitted, is, whether the captain is liable for this boat, or whether the plaintiffs must look to 'the owners? It is a rule of law, that a captain of a vessel, is the general agent of the owners. A distinction is sometimes made- between his agency in a foreign port, and the port where the owner resides. But it is unnecessary to notice that question in this case, for admitting that distinction to exist, it cannot af- .... ... .... feet the decision. I he owner m this case, lived m Charleston, and if that superseded the defendant’s agency, he is liable for acting without authority. It would be a ground of exemption for the owners^ but it would strengthen the obligation on the master. If his genera] agency was not impaired by be *82 ing in a home port, it gave the plaintiffs additional security by making both master and owners liable; Comyns on Contracts, 331. Gainham vs. Bennet, Strange, 816. Rich vs. Cox, et al. Cowp-636, But in the present instance, there was no evidence to take the case out of the general rule. The plaintiffs, therefore, had their double claim upon both master and owner, and nothing could discharge the one but payment by the other; and it is perfectly right that it should be so. The contract between the captain and owner is bottomed on mutual confidence: on the part of the owner, that the captain will not contract for any thing which is not necessary, and on the part of the captain, that his owner and employer will indemnify him against all such contracts. I am of opinion, therefore, that the defendant in this case, was liable, and he must look to his principal for indemnity. — 5 Johnson, 68. 7 Johnson, 312.